RIGHT BOX
FILED
JAN 0 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-06012-CIV-UNGARO-BENAGES
MAGISTRATE BROWN

SKG CORP., d/b/a WE BUY PAWNBROKERS,
A Florida Corporation

        Plaintiff,

vs.

KEN JENNE, SHERIFF OF BROWARD
COUNTY,

        Defendant.
_____/

## DEFENDANT SHERIFF'S MOTION TO DISMISS/OR IN
## THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT

Defendant SHERIFF, by and through his undersigned counsel, pursuant to Rule 12(b)(6) and (e) of the Federal Rules of Civil Procedure, hereby moves to dismiss the complaint, or in the alternative, moves to compel a more definite statement, and in support thereof would state as follows:

1. Plaintiff, SKG Corp. d/b/a We Buy Pawnbrokers (hereinafter We Buy) filed suit against Defendant Sheriff in his official capacity pursuant to Title 42 U.S.C. §1983 seeking declaratory relief (Count I) and damages for the unlawful taking of property (Count II), and for unlawful search (Count III) arising from the search and seizure of property in Plaintiff's business on November 30, 1999 wherein several items were seized for the failure to maintain the proper documentation through transaction forms as required by the Florida Pawnbroker Act. However, Plaintiff alleges that the seizure of said property failed to comply

1

with Florida Statute §539.001(16) which states that a law enforcement officer shall place a hold order on property in the possession of a pawnbroker that is believed to be misappropriated. (See Compl. at ¶7.) However, it is evident from Composite Exhibit A attached to the complaint that the property was not seized on the basis that it was believed to have been misappropriated. (Compl. at Comp. Ex. "A.") Composite Exhibit A consists of property receipts issued to the Plaintiff indicating that the property was seized as evidence for the offense of nondocumentation pursuant to §539.001, Florida Statutes. Thus, it is clear that Defendant Sheriff did not seize the property on the basis that it was misappropriated.

2. With regard to the Plaintiff's claim for declaratory relief (Count I), the complaint fails to allege sufficient allegations of fact which would establish standing on behalf of the Plaintiff to bring this claim. Additionally, the allegations of the complaint are so vague and conclusory that Defendant Sheriff is not on notice as to whether Plaintiff is challenging the constitutionality of the Florida Pawnbroker Act on its face or whether Plaintiff is challenging the application of the statute. If it is the latter, the complaint fails to allege sufficient allegations of fact that would identify what conduct of Defendant Sheriff is alleged to have been unconstitutional. To that extent, Defendant Sheriff is entitled to a more definite statement.

3. As for the claims for damages (Counts II and III), the complaint fails to allege Plaintiff suffered a violation of a constitutional right, much less that such right was caused by a custom, policy, or practice maintained by Defendant Sheriff. Interestingly, the Plaintiff alleges completely inconsistent facts with regard to the custom/policy theory, Plaintiff states that Defendant Sheriff either maintained an "express" policy of illegally searching the

Plaintiff's business or maintained a custom or practice in derogation of a lawful policy to illegally search Plaintiff's business. (Compl. at ¶10.) Had Plaintiff done a reasonable factual investigation prior to filing the complaint as is required by Federal Rule of Civil Procedure 11, it would obviate this type of inconsistent pleading. Since it is assumed that Plaintiff has complied with the provisions of Rule 11, Defendant Sheriff is entitled to be placed on notice as to which theory upon which Plaintiff relies rather than defending inconsistent theories. To that extent, Defendant Sheriff is entitled to a more definite statement as to whether Plaintiff is proceeding on a theory that Defendant Sheriff maintains a unconstitutional express written policy or that Defendant Sheriff maintains an unconstitutional custom or practice in derogation of a written policy.

3. To state a claim for relief pursuant to §1983, the Plaintiff must allege a violation of a constitutional right or law of the United States. Baker v. McCollan, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692 (1979). Additionally, in an official capacity suit against the sheriff, the plaintiff must allege in addition to having suffered a violation, that such violation was caused by a custom, policy, or practice promulgated and maintained by the sheriff. Monell v. Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018 (1978). Since the complaint fails to allege that Plaintiff suffered a violation of a constitutional right, the complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Defendant Sheriff respectfully requests this Honorable Court to dismiss the complaint, or in the alternative compel a more definite statement. Further, and in support of the foregoing motion, Defendant Sheriff refers this Honorable Court to the Memorandum of Law below.

## MEMORANDUM OF LAW

## DECLARATORY RELIEF COUNT I

In Count I, Plaintiff seeks to have this court declare "the actions of the Defendant . . . a violation of Plaintiff's Fourteenth Amendment right to be free from unreasonable searches and seizures and its right not to have its property taken without due process of law." (Compl. at ¶17.) First, it should be noted that there is no Fourteenth Amendment right to be free from unreasonable searches and seizures. This right is grounded in the Fourth Amendment to the United States Constitution.

Second, Plaintiff fails to allege what specific action of the Defendant violated Plaintiff's constitutional rights. It is unclear from the complaint whether Plaintiff is attacking the constitutionality of the Florida Pawn Broker Act which permits the Sheriff to conduct searches and inspections of pawn shops, or whether Plaintiff is attacking actions by Defendant Sheriff which are ultra vires under the Act. If it is the latter, the complaint fails to allege with sufficient specificity which act is unconstitutional, the inspection itself, the scope of the inspection, the seizure of property, etc. Accordingly, what would this court declare?

Finally, Plaintiff lacks standing to bring a declaratory action. Under Article III Section II of the Constitution, a declaratory judgment may be issued only in a case of an actual controversy. Art. III sec. II, U.S. Const. In order to demonstrate that a case or controversy exists to meet the Article III sec. II standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983). Title 28 U.S.C. §2201, the

4

Declaratory Judgment Act, specifically provides that a declaratory judgment may be issued only on the case of an actual controversy. Title 28 U.S.C. §2201.

Based on the facts alleged, there must be a substantial continuing controversy between two adverse parties. <u>Malowney v. Federal Collection Deposit Group</u>, 193 F.3d 1342, 1347 (11th Cir. 1999) (citing <u>Emory v. Peeler</u>, 756 F.2d 1547, 1552 (11th Cir. 1985)). The continuing controversy may not be conjectural, hypothetical, or contingent, it must be real and immediate, and create a definite, rather than speculative, threat of future injury. <u>Ibid</u>. Accordingly, a plaintiff must allege that there is a reasonable expectation that the injury it has suffered will continue or will be repeated in the future. <u>Ibid</u>.

In this case, the complaint contains no allegation that the Plaintiff has a reasonable expectation that it will suffer the same type of injury anytime in the immediate future. Accordingly, the allegations of the complaint fail to establish that a case or controversy exists sufficient to meet the standing requirements of Article III Section II and Title 28 U.S.C. §2201. Thus, Count I should be dismissed.

### **CLAIMS FOR DAMAGES (COUNTS II AND III)**

In Counts II and III, Plaintiff alleges that it has suffered a violation of its Fourteenth Amendment right to be free from unreasonable searches and seizures and its right not to have its property taking without due process of law. (Compl. at ¶12.) Defendant Sheriff concedes that Plaintiff has a Fourteenth Amendment right to due process. However, there is no right to be free from unreasonable searches and seizures grounded in the Fourteenth Amendment; rather, this right is secured by the Fourth Amendment. Accordingly, Plaintiff has failed to articulate a claim for a violation of his right to be free from unreasonable searches and

seizures correctly.

With regard to the due process claim, Plaintiff alleges that he was subjected to an unlawful taking without due process. Plaintiff asserts that the Florida Pawn Broker Act does not provide for the seizure of misappropriated property and that such seizure violates Due Process. (Compl. at ¶12.) Rather, Plaintiff asserts that pursuant to Florida Statute §539.001(16), a law enforcement officer should place a written hold on property that is believed to be misappropriated, rather than seizing it. (Compl. at ¶12.) There are two issues that need to be addressed here. First, whether the property was seized on the belief it was misappropriate. Second, whether the seizure constituted a taking sufficient to invoke Due Process.

As for the first issue, nowhere in the complaint is it alleged that the property was seized on the basis that law enforcement officers believed it to be misappropriated. To the contrary, upon review of the property receipts attached to the complaint, it is apparent that the property was seized for the Plaintiff's failure to provide documentation or transaction forms as required by Florida Statute §539.001(8). Failure to complete a transaction form is a crime. §539.001(17)(b), Fla. Stat. (1999). Accordingly, the failure to create and maintain transaction forms is a crime separate and apart from whether property has been misappropriated. Thus, the complaint's reliance upon the Act's requirement to place a written hold on misappropriated property is inapplicable here. The Act does not state that property that has not been properly documented cannot be seized.

As for the second issue, the complaint does not allege a taking. Seizure of property by the government in an attempt to assert ownership and control over the property pursuant to

a forfeiture proceeding implicates rights protected by due process unlike the Fourth Amendment which deals with the seizure of property for use as evidence. See United States v. 2751 Peyton Woods Trail, 66 F.3d 1164 (11th Cir. 1995). It is alleged that the property that has been seized is in the custody of Defendant Sheriff. It is not alleged that Defendant Sheriff has attempted to assert ownership or title over the property or that he has given that property to any third parties claiming any ownership interest in it. Rather, it is apparent that the property is in the custody of the Sheriff solely for the purpose of securing evidence of the crime of failure to maintain a transaction form. Defendant Sheriff has not divested the Plaintiff of any ownership rights in the property that was seized. Rather, it is simply being held as evidence of a crime. This does not constitute a taking sufficient to implicate Due Process.

With regard to the unlawful search claim, in Count III, Plaintiff alleges that it was deprived of its Fourteenth Amendment right to be free from unreasonable searches and seizures. Assuming arguendo, Plaintiff had properly asserted a claim pursuant to the Fourth Amendment for unreasonable searches and seizures, the complaint still fails to state a claim upon which relief can be granted. Defendant Sheriff concedes that the rights secured by the Fourth Amendment extend to corporations. See GM Leasing Corp. v. U.S., 429 U.S. 338, 97 S.Ct. 619 (1977). However, a business owner's expectation of privacy in commercial property is less than that expectation of privacy enjoyed by an individual's home. New York v. Burger, 107 S.Ct. 2636 (1987). The expectation of privacy of a "closely regulated" industry is even less attenuated than a business owner's expectation of privacy in commercial property. Ibid. Pawn shops are recognized as "closely regulated" industries. United States v.

Biswell, 406 U.S. 311, 92 S.Ct. 1593 (1972).

The test for determining whether a warrantless inspection of a closely regulated business is reasonable under the Fourth Amendment will be met if, (1) there is a "substantial" government interest that informs the regulatory scheme pursuant to which the inspection is made, (2) the warrantless inspection is "necessary to further the regulatory scheme," and (3) the statute's inspection program in terms of the certainty and regularity of its application must provide a constitutionally adequate substitute for a warrant. New York v. Burger, supra, at 2644 (citations omitted).

Here, Florida's Pawn Broker Act notifies pawn brokers that their businesses are subject to inspection during reasonable business hours by law enforcement officers for the purpose of determining whether the substantial governmental interest in tracking pawned or sold property is being properly maintained through transaction forms.

The complaint alleges that Defendant Sheriff inspected Plaintiff's place of business and the property therein. This conduct does not violate the statute. Further, there is no allegation Defendant Sheriff interfered with Plaintiff's ability to operate its business during the inspection. Thus, the inspection of the Plaintiff's place of business clearly complies with the Florida Pawn Broker Act. To the extent that Plaintiff may be arguing that the Pawn Broker Act is facially unconstitutional, this allegation fails as a matter of law under the Burger test.

## CONCLUSION

The complaint should be dismissed, or in the alternative, Plaintiff should be compelled to file a more definite statement articulating what declaratory relief is sought and whether Plaintiff is relying upon the existence of an express unconstitutional policy maintained by the

8

Sheriff or the existence of a custom or practice maintained by the Sheriff in derogation of a lawful written policy.

**I HEREBY CERTIFY** that a copy of the foregoing was mailed this **20th** day of January, 2000, to: **DENNIS R. BEDARD, ESQ.**, 1717 North Bayshore Drive, Suite 102, Miami, Florida 33132.

        PURDY, JOLLY & GIUFFREDA, P.A.
        Attorneys for Defendant SHERIFF
        1322 S.E. Third Avenue
        Fort Lauderdale, Florida 33316
        Telephone:   (954) 462-3200
        Facsimile:    (954) 462-3861

BY _____
        ALEXIS M. YARBROUGH
        Fla. Bar No. 0086861