

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

SKG CORP., d/b/a WE BUY PAWNBROKERS
A Florida Corporation

                Plaintiff        CASE NO. 00-06012-CIV-UNGARO-BENAGES

                                 MAGISTRATE BROWN

vs.

KEN JENNE,
SHERIFF OF BROWARD COUNTY

                Defendant
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

COMES NOW the Plaintiff, SKG CORP., d/b/a WE BUY PAWNBROKERS, through its undersigned counsel, and submits it response to the Defendant's Motion to Dismiss and in support thereof, submits the following:

## MEMORANDUM OF LAW

1. Defendant has requested this Court to dismiss the instant complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, for a more definite statement under Rule 12(e) of the same rules. The Defendant's motion should be denied

2. Plaintiffs have filed a three count action against the Defendant under 42 U.S.C. 1983, *et. seq.* Count 1 seeks a declaratory relief and asks this Court to declare the actions of the Defendant a violation of the Plaintiff's constitutional rights. Counts II and



III allege that the Defendant deprived the Plaintiff of it constitutional rights while acting under color of state law.

    3. The statute in question, 42 U.S.C. 1983, reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. 1983.

    4. "By the plain terms of [Section] 1983, two-*and only two*-allegations are required in order to state a cause of action under that statute. First the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, at 1922-23, 64 L.Ed.2d 572 (1980). (emphasis supplied). Under the standards of Rule 12(b)(6), Plaintiff has alleged sufficient facts to satisfy this standard.

    5. The gravamen of Plaintiff's complaint is that the Defendant acted under color of state law and deprived it of a right guaranteed by the United States Constitution. Paragraph 3 alleges that the "Defendant acted under 'color of state law' as that term is defined under 42 U.S.C. 1983, *et. seq.*" (Complaint, page 2). This element of the statute is repeated in paragraphs 20 and 24 of the complaint.

    6. The second element of a 1983 cause of action, the deprivation of a federal right, is alleged in paragraphs 20 and 24. The Defendant is alleged to have deprived the Plaintiff of its property without due process of law (Count 1) and its right to be free from

2

unreasonable searches and seizures (Count II). This element is laid out with specificity in paragraphs one through fifteen. The facts as set forth are simple: The Defendant illegally confiscated the Plaintiff's property while acting under color of state law. Under the dictates of *Gomez, supra.*, nothing more is required for a Plaintiff to make out a cause of action under section 1983.

7. The standard of review for a motion to dismiss under Rule 12(b)(6) is very liberal.

> It has long been the rule ... that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief. Moreover, in evaluating the sufficiency of the pleading attacked on motion, both the district court and this court are required to construe the complaint in the light most favorable to the plaintiff and to take the allegations contained therein as true. The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests. A 12(b)(6) motion tests only the sufficiency of the claim set out in the plaintiff's pleadings. Denial of such a motion, therefore, does not indicate that the plaintiff will ultimately prevail on a claim which withstands a 12(b)(6) challenge.

*Harris v. Proctor & Gamble Cellulose Co.*, 73 F.3d 321 (11th Cir. 1996), citing *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288, 293 (5th Cir.1977) (citations omitted).

8. Further, "the standard is applied with even greater force where the plaintiff alleges civil rights violations. . ." *Bernheim v. Litt*, 79 F.3d 318 (2d Cir. 1996), citing *Gant v. Wallingford Board of Education*, 69 F.3d 669 (2d Cir. 1995) and *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed. 2d 90 (1974).

9. Based on this standard and the Supreme Court's holding in *Gomez*, the Plaintiff has made out a sufficient cause of action to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant's motion to dismiss seems to be more *akin* to one for summary judgment and completely misconstrues

Plaintiff's cause of action. In order to bring a civil rights action, the Plaintiff must at some point show that its property was taken without due process of law.[1] The definition of property is created by state law. "The standard for defining property is whether a person has a legitimate claim of entitlement to it. *Board of Regents of State College v. Roth*, 408 U.S. 564 (1972). In applying this test, the Court also noted, 'Property rights, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" *Florida Secondhand Dealers Association, Inc., a Florida Corporation, and Happy Hocker Pawnshop, Inc., a Florida Corporation v. City of Fort Lauderdale,* (87-7008 CIV GONZALEZ, hereinafter *Happy Hocker)* (Opinion holding that Florida pawnshops have a property interest in stolen property they possess). Section 539 Florida Statutes establishes when and how a pawnbroker becomes the legitimate owner of pawned property that is in his possession. Plaintiff is not attacking the constitutionality of this statute. Plaintiff has simply laid out its theory of property rights, identifying the legal source of the right and the fact that the Defendant did not comply with state law in seizing the property. Interestingly, and not cited by Defendant in its motion, is the fact that the same factual scenario as is presented in the Plaintiff's complaint was before the 10th Circuit Court of Appeals in *Wolfenbarger v. Williams*, 774 F.2d 358 (10th Cir. 1985). There, the State of Oklahoma had the same statutory provisions that the State of Florida has. Police officers seized stolen property from a pawnshop and returned it to the owner without following state law. The pawnshops sued

---

[1] Plaintiff maintains that at some point in this litigation, it will have to produce evidence to substantiate the claims in its complaint. However, the complaint is not and cannot be an attempt to accomplish this goal.

4

under 42 U.S.C. 1983, making the same arguments that the Plaintiff makes here.[2] The Court held that the pawnshop has a legally protected property interest in property that it possesses and that the failure of the police to follow state statutes in confiscating that property violated the Plaintiff's right to due process of law. The facts in the complaint are even more unambiguous than those facts in *Wolfenbarger*. Here, title to the property had already passed to the Plaintiff. There is no third party that can claim any interest in the property, even if it is stolen. As per the holding in *Happy Hocker, supra.*, it is state law, Section 539, that defines whether or not the property in question belongs to the Plaintiff. Plaintiff's recitation of the statutory scheme is nothing more than an attempt to support Plaintiff's necessary claim that it was the owner of property that was unlawfully taken by persons acting under color of state law. It is not even necessary for a Plaintiff to establish in its complaint what the legal basis is for its claim that it is the owner of property. All that need be alleged is that the plaintiff had a federally protected right that of which it was deprived by one acting under color of state law. *Gomez, supra.*

10. Defendant's claim that paragraph fifteen of the complaint fails to state a cause of action is equally without merit. Plaintiff is suing the Defendant in his official capacity. In an official capacity lawsuit under 42 U.S.C. 1983, a Plaintiff must prove at trial that the official either maintained an express policy or widespread practice that was so permanent and well settled as to constitute a custom or usage with the force of law or caused the constitutional injury by and through persons with final policymaking authority. *Monell v. Department of Social Services of the City of New York*, 436 U.S.

---

[2] The procedural posture of *Wolfenbarger* is different from the case at bar. The Defendant successfully made a motion for summary judgment at the trial level. That decision was reversed by the Court of Appeals, holding that pawnbrokers have a constitutionally protected property interest in pawned goods that they possess even though those goods may be stolen.

5

658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Even if it is necessary for Plaintiff to allege these elements in its complaint, *Gomez, supra.,* the complaint clearly sets out the necessary elements to survive a motion to dismiss. *Harris, supra.* Paragraph fifteen incorporates by reference the first fourteen paragraphs of the complaint that state with a great degree of specificity exactly what the policy of the Defendant was: illegally searching Plaintiff's place of business and seizing its property. Obviously, the Plaintiff will have to produce evidence at a later stage of the proceedings to buttress these allegations but for pleading purposes, they are more than sufficient. *Harris, supra.*

  11. Defendant's final claim is equally without merit. "The 'case or controversy' requirement of article III of the Constitution, provides that a declaratory judgment may only be issued in the case of an "actual controversy."  That is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests. *Lake Carriers' Association v. MacMullan,* 406 U.S. 498, 506, 92 S.Ct. 1749, 1755, 32 L.Ed.2d 257 (1972); *Golden v. Zwickler,* 394 U.S. 103, 108, 89 S.Ct. 956, 959-60, 22 L.Ed.2d 113 (1969); *Sullivan v. Division of Elections,* 718 F.2d 363, 365 (11th Cir.1983). The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. *Ciudadanos Unidos de San Juan v. Hidalgo County Grand Jury Commissioners,* 622 F.2d 807, 821-22 (5th Cir.1980), cert. denied, 450 U.S. 946, 101 S.Ct. 1479, 67 L.Ed.2d 613 (1981). (FN11). Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury. [citations omitted] The remote possibility that a future injury may happen is not sufficient to satisfy the "actual

6

controversy" requirement for declaratory judgments. See *City of Los Angeles v. Lyons*, 461 U.S. at 103, 103 S.Ct. at 1666 (1983).

12. Based on the above standard, the complaint makes out a "case or controversy." Paragraph fourteen of the complaint states that "Defendant has unlawfully continued to maintain possession and control over the property despite the fact that title to all of the items has passed to the Plaintiff by operation of law." One would be hard pressed to imagine a more declarative statement to show a continuing case or controversy. Further, Plaintiff need only show facts from which the continuation of the dispute may be inferred. *Ciudadanos Unidos de San Juan, supra.* The dispute continues to this day and will continue through the future so long as Defendant continues to illegally possess the Plaintiff's property.

13. Defendant has also moved this court for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. This motion should be denied. Motions for more definite statement are disfavored. Discovery is the correct vehicle to obtain information necessary for trial. *Erickson v. Hunter*, 932 F.Supp. 1380(M.D. Fla. 1996). A motion for a more definite statement is properly made only if the pleading is so vague or ambiguous that the opposing party is not reasonably able to frame a responsive pleading. *Duracell Inc. v. SW Consultants, Inc.*, 126 F.R.D. 571 (N.D. Ga.1989). The complaint is not vague or ambiguous. It sets forth the cause of action in very definite and intelligible terms. Defendant's remedy is through the discovery process and not through a defensive motion.

WHEREFORE, Plaintiff respectfully requests that this Court deny the Defendant's motion to dismiss.

Respectfully submitted,

Dennis R. Bedard
Attorney for Plaintiff
1717 North Bayshore Drive
Suite 102
Miami, Florida 33132
(305) 530 0795
(305) 530 9587 FAX

By /s/ Dennis R. Bedard
Dennis R. Bedard
FBN 759279

I hereby certify that a true and correct copy of this motion was sent to counsel for the Defendant, Alexis Yarbrough, 1322 S.E. Third Avenue, Fort Lauderdale, Florida 33316, this 11th day of February, 2000.

/s/ Dennis R. Bedard
Dennis R. Bedard