UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-06012-CIV-UNGARO-BENAGES
MAGISTRATE BROWN

SKG CORP., d/b/a WE BUY PAWNBROKERS,
A Florida Corporation

                Plaintiff,

vs.

KEN JENNE, SHERIFF OF BROWARD
COUNTY,

                Defendant.
_____/



### DEFENDANT'S SHERIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS/MOTION FOR MORE DEFINITE STATEMENT

Defendant, SHERIFF, by and through his undersigned counsel, pursuant to local Rule 7.1.C, hereby files this his reply memorandum of law in support of his Motion to Dismiss/Motion for More Definite Statement, and in support thereof would state as follows:

**Standing for Declaratory Relief**

In response to Defendant Sheriff's argument that the Plaintiff lacks standing to seek declaratory relief in that they have failed to make an allegation that they are in fear of future illegal harm by the Defendant, Plaintiff wholly fails to address this argument. Rather, Plaintiff argues that the simple fact that Defendant Sheriff still maintains custody of the property that was seized from Plaintiff as evidence of a crime somehow satisfies the threshold requirements for establishing standing in a declaratory relief action. First, to the extent that Defendant Sheriff

1

maintains custody of evidence of a crime, here the failure to maintain transaction forms, this court lacks jurisdiction to interfere fear in a state criminal court proceeding over the custody of evidence.

Second, the mere fact that Defendant Sheriff maintains custody over property that was seized which gave rise to this lawsuit, does not establish the element lacking in the complaint, namely that the Plaintiff has failed to allege that it is likely going to be subject to future illegal searches by Defendant. Absent in allegation that the type of conduct described in the complaint is subject to recurrents, Plaintiff's lack standing to seek injunctive relief to stop Defendant from such practices.

**Due Process-Taking**

Plaintiff wholly failed to respond to Defendant Sheriff's motion to dismiss the Due Process claim. Defendant Sheriff argued that the complaint failed to allege a "taking." A taking is distinguished from a seizure. There are no allegations in the complaint alleging that Defendant Sheriff has attempted to exercise ownership or control over the property that was seized, or that Defendant Sheriff has transferred title, ownership, or control to a third person claiming ownership in the property that was seized. Rather, Plaintiff alleges that the property that was seized belonged to the Plaintiff. Plaintiff's memorandum of law on opposition of the motion to dismiss discusses at length the definition of "property." Defendant Sheriff does not dispute that the property may be owned by the Plaintiff, however, Defendant Sheriff is not attempting to exercise ownership over the property.

Plaintiff's reliance on the decisions in <u>Florida Secondhand Dealers Association, Inc. v. City of Fort Lauderdale</u> case #87-7008-CIV-Gonzalez, Southern District of Florida, and

Wolfenbarger v. Williams 774 F.2d 358 (10th Cir. 1985) is misplaced. In each of those cases the court held that it was unlawful for law enforcement to seized property in the pawnbroker's possession and simply turn over that property to a third person claiming ownership interest in it without a hearing and determination by a Judge regarding ownership. Defendant Sheriff does not dispute that such conduct is unlawful. However, the facts alleged in the complaint do not state that Defendant Sheriff has attempted to transfer title or ownership interest in the property from the pawnbroker to anyone.

It is quite clear from the property receipts attached to the complaint, that the evidence that was seized was seized for the crime of failure to maintain transaction forms, and not because the property was misappropriated or otherwise belongs to a third person. As such, the seizure of this evidence constitutes a seizure for purposes of maintaining custody over evidence of a crime rather than a taking by the government.

**Unlawful Search**

Next, Plaintiff wholly fails to respond to Defendant Sheriff's argument that there is no such right secured by the Fourteenth Amendment to be free from unreasonable searches and seizures. As such, it is presumed that Plaintiff does not oppose Defendant Sheriff's motion to dismiss the search claim for failure to identify the correct source of the right to be free from unlawful searches and seizures, namely the Fourth Amendment.

**Motion for More Definite Statement**

Finally, Plaintiff argues that the complaint sets forth a definite statement sufficient to put Defendant Sheriff on notice of its claim. Rather, Plaintiff argues that Defendant Sheriff should conduct discovery to determine which of the three mutually exclusive theories asserted in

Plaintiff's complaint is being relied upon. Defendant Sheriff should not have to conduct discovery to ascertain whether the Plaintiff is proceeding on a theory that Defendant Sheriff maintains a facially unconstitutional policy as opposed to whether Defendant Sheriff maintains an unconstitutional custom or practice in derogation of a lawful policy in light of the fact that such information is easily obtained by the Plaintiff through a public records request under Florida Statutes chapter 119. Defendant Sheriff, unlike other private Defendants, is governed by Florida Sunshine Law which requires the disclosure of all public documents. Accordingly, the Plaintiff can easily obtain Defendant Sheriff's written policies through a public records request pursuant to Florida Statutes chapter 119. A reasonable factual investigation conducted by the Plaintiff prior to filing a complaint would have discovered whether Defendant Sheriff maintains a facially unconstitutional written policy such that this allegation should or should not be contained in the complaint. Defendant Sheriff should not have to spend resources to determine which theory upon which Plaintiff relies.

### Conclusion

The Motion to Dismiss, or in the alternative, Motion for More Definite Statement should be granted.

I HEREBY CERTIFY that a copy of the foregoing was mailed this _____ day of __17__, 2000, to: **DENNIS R. BEDARD, ESQ.**, 1717 North Bayshore Drive, Suite 102, Miami, Florida 33132.

          PURDY, JOLLY & GIUFFREDA, P.A.
          Attorneys for Defendant SHERIFF
          1322 S.E. Third Avenue
          Fort Lauderdale, Florida 33316
          Telephone: (954) 462-3200
          Facsimile: (954) 462-3861

BY _____
     ALEXIS M. YARBROUGH
     Fla. Bar No. 0086861

c:\FILE\SKG\REPLYMEM