# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA

SKG CORP., d/b/a WE BUY PAWNBROKERS
A Florida Corporation

        Plaintiff        CASE NO. 00-06012-CIV-MIDDLEBROOKS

                                MAGISTRATE BANDSTRA

vs.

KEN JENNE,
SHERIFF OF BROWARD COUNTY

        Defendant
_____/

QUIK CASH PAWN & JEWELRY, INC.
A Florida Corporation

        Plaintiff        CASE NO. 99-7630-CIV-MIDDLEBROOKS

vs.                                     MAGISTRATE BANDSTRA

KEN JENNE,
SHERIFF OF BROWARD COUNTY
        Defendant
_____/

## PLAINTIFFS' REPLY TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COME NOW the Plaintiffs, SKG CORP., d/b/a WE BUY PAWNBROKERS, and

QUIK CASH PAWN & JEWELRY, INC., and submit their reply[1] to the Defendant's

motion for summary judgment and in support thereof, submit the following:

---

[1] The Plaintiffs have filed their own motion for summary judgment in this case and hereby incorporate the legal arguments made there as part of this motion.



1. The Defendant has mischaracterized the Plaintiffs' cause of action. The Defendant offers the following synopsis of the Plaintiffs' theory of the case: The police officers did not comply with the regulatory proscriptions of Section 539.001, Florida Statutes; therefore, such a failure to abide by the statute, *ipso facto,* has resulted in a deprivation of the Plaintiffs' constitutional rights and, automatically, gives rise to a legally valid claim pursuant to 42 U.S.C. 1983.

2. This characterization is wrong. The Plaintiffs *are not* basing their theory of liability on the fact that a violation of Section 539.001 must by necessity result in a deprivation of their constitutional rights. Plaintiffs' theory is simple: the Defendant, acting under color of state law, deprived them of their right to be free from unreasonable searches and their right to their property without due process of law. Section 539.001 is relevant for two reasons: First, the statute establishes the pawnbroker's legal rights of ownership in the property that is in the pawnbroker's possession. These rights are defined by state law. *Florida Secondhand Dealers Association, Inc., a Florida Corporation, and Happy Hocker Pawnshop, Inc., a Florida Corporation v. City of Fort Lauderdale,* 699 F.Supp. 888 (S.D. Fla. 1988). If the Defendant did not comply with the dictates of the statute, that non-compliance becomes relevant only insofar as it defines the legality of the Defendant's seizure of the property and whether or not the pawnbroker had a legally cognizable right of ownership in the property. There can be no doubt that if Section 539.001 did not exist, the Defendant's actions would be patently illegal. However, when examining Plaintiff's claim, this Court must, according to the holding of *Happy Hocker, supra.,* look to State law to determine what ownership right the Plaintiff has in the property that it alleges was taken or to State law to determine what right the

Defendant had to seize the property. Plaintiffs' discourse on Section 539.001 is, in a sense, defensive. That is, it was anticipated from the beginning of this lawsuit that the Defendant would rely on Section 539.001 as a defense to the Plaintiffs' action. Thus, Plaintiffs', in order to sustain their claim, had to establish that there was no legal justification for the Defendant's action. Whether or not the Section 539.001 permits law enforcement to seize property in the manner that they did in this case is a necessary and preliminary question that this Court must determine in order to conclude that Plaintiffs had a legally cognizable property interest in the property that was taken from them.[2] If the Defendant did not comply with Section 539.001, then the Plaintiffs must still prove their case under 42 U.S.C. 1983. The Plaintiffs have never maintained that every failure by law enforcement to comply with the provisions of Section 539.001 automatically gives rise to a cause of action under the federal civil rights statutes. Such a position would be legally untenable. All that the Plaintiffs have maintained from the beginning is that the Defendant, acting under color of state law, violated their civil rights by searching their businesses without a search warrant and taking their property without due process of law.

3. The second reason why Section 539.001 is relevant is for Fourth Amendment purposes. There is an "administrative search" exception to the Fourth Amendment's warrant requirement. Such searches are creatures of State law. Absent such a statutory authorization, law enforcement must obtain a warrant before searching a business. The Defendant makes the mistaken assertion that because Section 539.001 authorizes an

---

[2] The interaction between the State regulatory scheme for pawnshops and 42 U.S.C. 1983 that is undertaken in this case is no different from the same analysis that was undertaken by every federal court that has considered the issue of whether or not law enforcement's lack of compliance with a State statute can give rise to a constitutional violation by a pawnshop. *Happy Hocker, supra. G & G Jewelry v. City of Oakland*, 984 F.2d 1093 (9th Cir. 1993); *Wolfenbarger v. Williams*, 774 F.2d 358 (10th Cir. 1985).

administrative inspection in limited circumstances, every search of a pawnshop is thus shielded from constitutional attack by the mere invocation of Section 539.001. Defendant cannot seek the protection of an exception to the warrant requirement that it has flagrantly violated. This point was addressed at length in paragraphs 29 and 30 of Plaintiffs' motion for summary judgment. It is interesting that the Defendant never offers any reason why it did not obtain a search warrant in this case. The Defendant's entire defense rests on the erroneous proposition that every pawnshop in the State of Florida must, as a matter of law, maintain a pawnbroker transaction form for every piece of property that it has in its possession. The Plaintiffs have addressed this very issue in paragraph 33 of their motion for summary judgment.

    4. Since the submission of Plaintiffs' motion for summary judgment, there has been a ruling of a Broward County Court that is directly on point. As part of its policy that every pawnshop must maintain transaction forms for every piece of property on its premises, the Defendant conducted an inspection at the CitiPawn pawnshop in Davie, Florida. The inspection was conducted by the same two officers, Detectives Sileo and Steinberg, who did the searches in this case. The proprietor of the pawnshop, Howard Winston, was arrested for not having pawn transaction forms for every item in his pawnshop. The theory of the prosecution was exactly the same as that put forward in this case by the Defendant. The Defendant filed a sworn motion to dismiss (attached as Exhibit A) on the theory that the Defendant committed no crime. In order to grant the motion to dismiss, the county court judge had to find that it was *not* a crime to maintain property in a pawnshop without having pawnbroker transaction forms for every piece of property. The court granted the motion to dismiss (the order is attached as Exhibit B).

This ruling directly contradicts the Defendant's position in this case. Further, the county court judge's ruling directly refuted the Defendant's express policy in regard to the searching of pawnshops the seizure of property therein. Simply put, there is no legal requirement anywhere that a pawnshop has to maintain transaction forms for every piece of property it has in its possession. The Defendant has not and cannot cite this court to any law that so requires.

5. The Defendant makes much of the fact that its officers did not turn the property over to the alleged true owner after they seized it from the Plaintiffs. Defendant admits in its motion that "had Defendant Sheriff seized property that was believed to have been misappropriated and then handed the property over to an alleged victim of property theft, then Defendant Sheriff would have violated the Plaintiffs' due process rights." (Defendant's motion, page 7). This statement completely misses the point. There is no third party victim. **The property belongs to the Plaintiffs.** In *Happy Hocker, Wolfenbarger, and G & G Jewelry,* there was a dispute as to who owned the property: the pawnshop or the true owner from whom the property was stolen prior to it being pawned. According to the respective State laws, the police could not dispossess a pawnshop of property without a judicial determination of ownership. In this case, there is no dispute as to who the true owner is: the Plaintiffs own the property. The Defendant could not have taken the property and turned it over to its rightful owner. It would have to give it back to the Plaintiffs. The Defendant cannot, by *fiat,* simply define its way outside of the requirements of the constitution. It cannot unconstitutionally seize property and then offer an after the fact justification that the seized property is evidence for a supposed crime that does not exist in the State of Florida.

WHEREFORE, Plaintiffs respectfully request that this Court deny the Defendant's Motion for Summary Judgment.

Respectfully submitted,

Dennis R. Bedard
Attorney for Plaintiffs
1717 North Bayshore Drive
Suite 102
Miami, Florida 33132
(305) 530 0795
(305) 530 9587 FAX

By _____
Dennis R. Bedard
FBN 759279

I hereby certify that a true and correct copy of this motion was sent to counsel for the Defendant, Alexis Yarbrough, 1322 S.E. Third Avenue, Fort Lauderdale, Florida 33316, this 10th day of October, 2000.

_____
Dennis R. Bedard

|  | IN THE COUNTY COURT OF<br>BROWARD COUNTY, FLORIDA |
|---|---|
| THE STATE OF FLORIDA, | CRIMINAL DIVISION |
| Plaintiff | |
| | CASE NO. 00-1426MM30 A |
| vs. | |
| HOWARD WINSTON, | JUDGE: LEONARD FEINER |
| Defendant | |
| _____/ | |

## DEFENDANT'S SWORN MOTION TO DISMISS PURSUANT TO RULE 3.190(C)(4) OF THE RULES OF CRIMINAL PROCEDURE

COMES NOW the Defendant, HOWARD WINSTON, through his undersigned attorney, and files this motion to dismiss pursuant to Rule 3.190(c)(4), and in support thereof submits the following:

1. The Defendant, Howard Winston, respectfully requests that this Court dismiss the charges filed against him. There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.

## UNDISPUTED FACTS

2. The Defendant, Howard Winston, is the president and owner of CitiPawn, a pawnshop located at 13060 West SR 84, Davie, Florida. The pawnshop is licensed by the State of Florida.

3. The regulation of pawnshops is governed by Section 539.001, Florida Statutes.

4. Mr. Winston purchased the above pawnshop in September of 1998. At the time the pawnshop downloaded its transactions to the Davie Police Department. The computer was owned by the Broward Sheriff's Office and provided to Mr. Winston pursuant to Section 539.001(9)(b), Florida Statutes. The procedure in place for



transferring the data pursuant to Section 539.001(9), was as follows: Mr. Winston was supposed to download all of his transaction forms onto a floppy disk. Every Friday, a police officer from the Davie Police Department came by Mr. Winston's pawnshop and should have picked up both the floppy disk and the original copies of the pawnbroker transaction forms. However, the floppy disk on the BSO computer was broken. Therefore, Mr. Winston was only able to provide the original transaction form to the Davie Police Department as per the requirements of Section 539.001(9)(a). Nevertheless, Mr. Winston continued to download all of the transaction forms onto the BSO computer and stored the data on the computer's hard drive. On approximately ten occasions, Mr. Winston spoke to Sergeant Edward Sileo of the Broward Sheriff's Office about the broken floppy disk. Sergeant Sileo told Mr. Winston that BSO would fix or replace the floppy disk. In March of 1999, Sergeant Sileo spoke to Mr. Winston *via* phone and informed him that the Davie Police Department would arrest him if he did not begin supplying them floppy disks from his computer. Mr. Winston then purchased his own personal computer for use in the pawnshop. Sergeant Sileo went to Mr. Winston's pawnshop and gave him the software to download onto his new computer. After the software was installed, Mr. Winston began using it. Every Friday thereafter, and continuing to the present day, an officer from the Davie Police Department came to Mr. Winston's pawnshop and picked up a floppy drive containing the previous week's pawns and purchases. The broken computer was returned to BSO. It was picked up by Detective Joel Steinberg of the Broward County Sheriff's Office. On the computer's hard drive are records of every pawn and purchase that Mr. Winston made at the pawnshop from the date he bought the business until the new computer was installed.

3

4. On December 2, 1999, two police officers employed by the Broward Sheriff's Office, Sergeant Ed Sileo and Deputy Joel Steinberg, entered Citipawn to conduct an inspection of the pawnshop pursuant to Section 539.001

5. Inside of the pawnshop were various pieces of property that were owned by Citipawn. These items are listed in Exhibit A to this complaint. Each of these items was property that had been placed for sale to the general public. There is no evidence that these items were the subject of a pending pawn transaction or the subject of a purchase that was less than thirty days old. In fact, each of these items was either:

   a. an expired pawn pursuant to Section 539.001(10); or
   b. a purchase that was more than thirty days old pursuant to Section 539.001(9)(c); or
   c. property that belonged to the previous owner of the pawnshop from whom Citipawn purchased the business in September of 1998.

6. The two police officers asked Mr. Winston to produce documentation for the items listed in Exhibit A. Mr. Winston had pawnbroker transaction forms on his premises for every item in his store with the exception of those items that were purchased with the business in September of 1998. Mr. Winston informed the police officers that all of the information related to his pawns had been previously turned over to the police because his computer malfunctioned. The police officers asked Mr. Winston where his pending pawns and purchases were. Mr. Winston keeps all of his pending pawns and purchases locked in a safe. Mr. Winston opened his safe and allowed the police officers to examine the property and transaction forms that were inside. Mr. Winston told the police officers that all of the items in the safe were existing pawns and purchases.

7. The police officers immediately seized all of the items listed in Exhibit A. The police officers never told Mr. Winston that he had twenty four hours to provide them with the documentation that they were requesting.

8. At the times of the seizure of the items, the police officers:

   a. had no probable cause to believe that any of the property was misappropriated; and
   c. had no reason to believe that CitiPawn did not own all of the items seized; and
   d. had no reason to believe that any of the property seized was the subject of a pending pawn or purchase.

9. All property that is the subject of a pending pawn is kept in a separate area in CitiPawn and is not placed with the merchandise that is for sale to the public. All property that is purchased from the public is kept in a separate area for thirty days at which time it is placed for sale to the general public.

10. None of the property that was seized by the police was the subject of a pending pawn or had been purchased within the previous thirty days.

11. The Broward Sheriff's Office has access to records of every pending pawn of the Defendant's place of business and every pawn and purchase that he has conducted since he opened the business because they are downloaded via computer and sent to the Davie Police Department.

12. If the Broward Sheriff's Office or any law enforcement agency in the State of Florida wanted to ascertain all of the existing pawns and purchases in a pawnshops during any thirty day period, they can check their own records that by law they must maintain.

## **MEMORANDUM OF LAW**

13. The above undisputed facts that form the basis for Defendant's arrest do not constitute a crime in the State of Florida. For this reason, this case should be dismissed under the dictates of Florida Rule of Criminal Procedure 3.190(C)(4).

14. Section 539 prescribes under what circumstances law enforcement officers can search and seize property that is inside of a pawnshop. The Defendant has been charged with violating Section 539.001(8)(a). It provides, in relevant part, as follows:

> (a) At the time the pawnbroker enters into any pawn or purchase transaction, the pawnbroker shall complete a pawnbroker transaction form for such transaction, including an indication of whether the transaction is a pawn or a purchase, and the pledgor or seller shall sign such completed form. The agency must approve the design and format of the pawnbroker transaction form, which must be 8 1/2 inches x 11 inches in size and elicit the information required under this section. In completing the pawnbroker transaction form, the pawnbroker shall record the following information, which must be typed or written indelibly and legibly in English.

15. Based on the language of this statute and the information filed in this case, the gravamen of the charge is that the Defendant did not complete a pawnbroker transaction form for each item seized by the police.

16. The facts as outlined above do not and cannot make out a crime. A pawnbroker is not required to maintain records on every item in his or her pawnshop. Section 539 is very specific about the recordkeeping duties of a pawnshop. When a pawn or purchase is conducted, a pawnshop must complete a pawnbroker transaction form pursuant to the dictates of Section 539.001(8)(a).

17. Once the pawn is completed, Section 539.001(9)(c) sets forth the recordkeeping duties of a pawnshop and the time period in which law enforcement officers may search records and property:

> All goods delivered to a pawnbroker in a pawn or purchase transaction must be securely stored and maintained in an unaltered condition within the jurisdiction of the appropriate law enforcement official for a period of 30 calendar days after the transaction. Those goods delivered to a pawnbroker in a purchase transaction may not be sold or otherwise disposed of before the expiration of such period. The pawnbroker shall make all pledged and purchased goods and all records relating to such goods available for inspection by the appropriate law enforcement official during normal business hours throughout such period. The pawnbroker must store and maintain pledged goods for the period prescribed in subsection (10) unless the pledged goods are redeemed earlier; provided, however, that within the first 30 days after the original pawn, the pledged goods may be redeemed only by the pledgor or the pledgor's attorney in fact.

Once the thirty day period expires and if the property has not been redeemed by the pledgor, title to the property passes to the pawnshop by operation of law.

> Pledged goods not redeemed.--Pledged goods not redeemed by the pledgor on or before the maturity date of a pawn must be held by the pawnbroker for at least 30 days following such date or until the next business day, if the 30th day is not a business day. Pledged goods not redeemed within the 30-day period following the maturity date of a pawn are automatically forfeited to the pawnbroker; absolute right, title, and interest in and to the goods shall vest in and shall be deemed conveyed to the pawnbroker by operation of law; and no further notice is necessary. A pledgor has no obligation to redeem pledged goods or make any payment on a pawn.

Section 539.0001(10).

18. The only provision that permits law enforcement to seize property that is inside of a pawnshop is when they have reason to believe it has been misappropriated. Section 539.001(16)(a) and (b) sets forth the procedure that law enforcement must follow if they have probable cause to believe that property inside of a pawnshop is misappropriated:

> (a) When an appropriate law enforcement official has probable cause to believe that property in the possession of a pawnbroker is misappropriated, the official may place a written hold order on the property. The written hold order shall impose a holding period not to exceed 90 days unless extended by court order. The appropriate law enforcement official may rescind, in writing, any hold order.

An appropriate law enforcement official may place only one hold order on property.

(b) Upon the expiration of the holding period, the pawnbroker shall notify, in writing, the appropriate law enforcement official by certified mail, return receipt requested, that the holding period has expired. If, on the 10th day after the written notice has been received by the appropriate law enforcement official, the pawnbroker has not received from a court an extension of the hold order on the property and the property is not the subject of a proceeding under subsection (15), title to the property shall vest in and be deemed conveyed by operation of law to the pawnbroker, free of any liability for claims but subject to any restrictions contained in the pawn transaction contract and subject to the provisions of this section.

19. The police in this case did not follow the law. They searched items in a pawnshop that they had no right to search and seized property that they had no right to seize and then arrested Mr. Winston for a crime for which he did not and could not have committed. This entire prosecution rests on the erroneous legal theory that a pawnshop must maintain pawnbroker transaction forms on the premises for every piece of property in its possession regardless of when the pawn or purchase underlying that piece of property was conducted. This theory is flatly contradicted by the express provisions of Section 539.001. There is no law in the State of Florida that requires a pawnbroker to maintain pawnbroker transaction forms related to property in his or her pawnshop once title to that property has passed to him. The only legal duty that a pawnshop owner has to produce transaction forms to a law enforcement officer is under Section 539.001(9)(b), which provides that "[t]he appropriate law enforcement official may, for the purposes of a criminal investigation, request that the pawnbroker produce an original of a transaction form that has been electronically transferred. The pawnbroker shall deliver this form to

8

the appropriate law enforcement official within 24 hours of the request."[1] No such request was made in this case. The police asked Mr. Winston if he had documentation for every item in his store. When he stated he could not produce such documentation, the police seized the items on the theory that Mr. Winston had violated Section 539.001(8)(a) because he did not have a pawn transaction form for each item.

20. The police had no right to even search the property in Mr. Winston's pawnshop or the transaction forms if they even existed. Section 539.001(9)(c) further circumscribes the right of law enforcement to conduct searches of property and transaction forms inside of a pawnshop. It provides that a pawnshop owner is required only to permit law enforcement to search property and transaction forms that are less than thirty days old from the date that the transaction form has expired. The property that was seized by the police in this case was outside of the purview of this statute. The State cannot prove that any of this property was less than thirty days old from the date of the pawn or transaction. Further, to make out a violation of Section 539.001(8)(a), the State must prove that Mr. Winston was not exempt from any of these requirements. There is a total lack of proof as to this element.

21. In order to justify a search of the property, the State must show to this Court that the property it searched and seized was the subject of a pawn or transaction that was less than thirty days old. There is no evidence to support this element. Each piece of property taken was not an active pawn or a purchase that was less than thirty days old.

---

[1] Section 539.001(9) categorizes pawnshops by whether or not they download their transaction forms and then send them via computer to the police or whether they deliver copies to the police. Section 539.001(a) requires pawnshops that send their forms to the police to maintain the forms on the premises for one year after the pawn or purchase has been completed. Since Mr. Winston, through CitiPawn, uses a computer, he comes within the ambit of Section 539.001(b) as outlined above.

9

Mr. Winston stored all of his active pawns and purchases that were less than thirty days old in a separate area of the pawnshops outside of the view of the public as required by law. Further, law enforcement officers knew or should have known at the time they entered Mr. Winston's pawnshop on December 2, 1999. All of Mr. Winston's active pawns and purchases had been downloaded and sent to the Davie Police Department. Information concerning every pawn that he conducted since he opened his pawnshop was available to the police department.

22. The charges against Mr. Winston do not constitute a crime. The State's case is the following: police officers discovered property in Mr. Winston's pawn shop for which he could not immediately produce transaction forms. There is no evidence that the property was the subject of a pending pawn or purchase. Absent such proof, there is no violation of law.

23. The Defendant is entitled to have these charges dismissed pursuant to Rule 3.190(C)(4). There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.

I have read the foregoing motion and swear that it is true and correct.

*Howard Winston*
Howard Winston

STATE OF FLORIDA
COUNTY OF BROWARD
The foregoing instrument was acknowledged before me this __30__ day of __August__, 2000, by Howard Winston, who is personally known to me or has produced _FL DL W523-3264-7_ as identification and who did take an oath.

029-0

My Commission Expires:          Notary Public


Arlene Schulke
My Commission CC670502
Expires September 18, 200_

Respectfully submitted,

Dennis R. Bedard
1717 North Bayshore Drive
Suite 102
Miami, Florida  33132
(305)530 0795
(305)530 9587  FAX

By _____
Dennis R. Bedard
FBN 759279

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 30th day of August, 2000, to Kelley Ann Reynolds, Assistant State Attorney, Office of the State Attorney, 201 S.E. 6th Street, Fort Lauderdale, Florida.

_____
Dennis R. Bedard

| [ ] 17th Judicial Circuit in and for Broward County<br>[ ] In the County Court in and for Broward County | | CLOCK IN<br>Filed in Open Court, |
|---|---|---|
| **DIVISION:**<br>[ ] Criminal<br>[ ] Traffic<br>[ ] Other | **ORDER** | ON _____<br>BY _____ |

**THE STATE OF FLORIDA VS.**

Winston, Howard

DEFENDANT

**CASE NUMBER** 00-13462mm10

CHARGE 1-190 viol F/Pawnbroking act

DEFENSE MOTION TO _Dismiss_ IS HEREBY _Granted_. FOR REASONS AS STATED ON THE RECORD IN OPEN COURT. This case is hereby dismissed

DONE AND ORDERED THIS _4_ DAY OF _October_, 20_00_, IN BROWARD COUNTY, FLORIDA.

_____
JUDGE

COPIES: BSO - SAO

FORM ICC13