UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

QUIK CASH PAWN JEWELRY &
PAWN, INC., A Florida Corporation     Case No. 99-7630-Civ-Middlebrooks

       Plaintiff,

vs.

KEN JENNE, SHERIFF OF BROWARD
COUNTY,

       Defendant.
_____/

SKG CORP., d/b/a WE BUY PAWNBROKERS,
A Florida Corporation     Case No. 00-06012-Civ-Middlebrooks

       Plaintiff,

vs.

KEN JENNE, SHERIFF OF BROWARD
COUNTY,

       Defendant.
_____/

### DEFENDANT SHERIFF'S MEMORANDUM OF LAW
### IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

     Defendant SHERIFF, by and through his undersigned counsel, hereby files this his Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment, and in support thereof would state as follows:

     Plaintiffs' motion argues that Defendant Sheriff should be held liable for constitutional violations of due process and unreasonable search and seizure on the grounds that Detectives Sileo and Steinberg acted outside the scope of their authority pursuant to the Florida Pawnbroker Act,



Florida Statute § 539.001. First, Defendant Sheriff adopts and incorporates by reference the arguments asserted in his respective motions for summary judgment in opposition to the Plaintiffs' motion for summary judgment. In addition to those arguments, Defendant Sheriff asserts that if the Court concurs with the Plaintiffs' interpretation of the Pawnbroker Act, then the Act will be rendered completely unenforceable.

To explain, the Plaintiffs agree that a pawnbroker is required to promulgate transaction forms for all pawned property, yet on the other hand argues that the statute does not require the pawnbroker to produce such forms to a law enforcement officer during an inspection nor to maintain the forms for more than three years after their promulgation. Defendant Sheriff agrees that the Plaintiffs have correctly quoted the subdivisions of the Act providing for the promulgation and maintenance of transaction forms on pawned property. When condensed, the Plaintiffs' argument asserts that during an inspection, a law enforcement officer may enter the premises and ask to see pawned property and transaction forms only for that property and the officer must rely upon the word of the pawnbroker to produce those items subject to inspection. If the pawnbroker states that none of the items in his shop are subject to inspection, then the law enforcement officer can take no further action and must exit the premises. Such a strict interpretation of the statute provides pawnbrokers a loophole to completely evade any regulation by law enforcement officers. Accordingly, law enforcement would be prohibited from enforcing the statute except to the extent permitted by the pawnbroker. Such an interpretation of the Act places the power to regulate in the hands of the pawnbroker rather than law enforcement.

Defendant Sheriff asserts that the statute should be interpreted as a whole while considering the legislative intent behind the statute to regulate these businesses. When the statute is read as

a whole, it is not unreasonable for a law enforcement officer to conduct an inspection of a pawnshop in the manner described in this case. Perhaps, the legislature could have been more specific in defining the parameters and extent of the authority of law enforcement officers in regulating pawnshops when it drafted the Act. However, such action is beyond the control of the executive or judicial branches. In this case, the executive branch, being the Sheriff, exercised his best judgment in enforcing the Act by attempting to interpret the intent and spirit behind the statute as a whole.

Success by Plaintiffs on their motion for summary judgment would free them from the regulation of the Act since the Sheriff would be precluded from ensuring its compliance. It cannot be said that the legislature intended to grant such power to the pawnbrokers to evade regulation. For these reasons, the Plaintiffs' Motion for Summary Judgment should be denied.

**I HEREBY CERTIFY** that a copy of the foregoing was mailed this 17th day of October, 2000, to: **DENNIS R. BEDARD, ESQ.**, 1717 North Bayshore Drive, Suite 102, Miami, Florida 33132.

> PURDY, JOLLY & GIUFFREDA, P.A.
> Attorneys for Defendant SHERIFF
> 1322 S.E. Third Avenue
> Fort Lauderdale, Florida 33316
> Telephone: (954) 462-3200
> Facsimile: (954) 462-3861
>
> BY _____
> ALEXIS M. YARBROUGH
> Florida Bar No. 0086861