UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-06012-CIV-MIDDLEBROOKS
MAGISTRATE TED BANDSTRA

SKG CORP., d/b/a WE BUY PAWNBROKERS,
A Florida Corporation

           Plaintiff,

vs.

KEN JENNE, SHERIFF OF BROWARD
COUNTY,

           Defendant.
_____/

## DEFENDANT'S UNILATERAL PRETRIAL STATEMENT[1]

Defendant Sheriff, by and through his undersigned counsel, hereby files this his Unilateral Pretrial Statement, and states as follows:

## STATEMENT OF THE CASE

This is an action pursuant to Title 42 U.S.C. § 1983 seeking declaratory relief and monetary damages as a result of an alleged violation of the Plaintiff's due process rights and the right to be free from unreasonable searches and seizures during an inspection of the We Buy Pawnbrokers by Broward Sheriff's Office deputies. Since there are no disputes in the facts, the first claim for declaratory relief presents a pure question of law to be decided by the Court and

---

[1] Defendant is aware that the pretrial order requires that the parties file a joint pretrial stipulation on or before November 4, 2000. Undersigned counsel has attempted to discuss the preparation of the pretrial stipulation with opposing counsel without success. Counsel for Plaintiff has failed to respond to a request to discuss the stipulation. Accordingly, this pretrial statement is being filed unilaterally.

1

not a jury. The last two claims seeking monetary damages present issues of fact that can be decided by a jury, or if waived, by the Court. Plaintiff never demanded a trial by jury. Defendant demanded a trial by jury; however, waives that demand and seeks a bench trial. A trial on damages is obviated by the granting of Defendant's Motion for Summary Judgment.

## BASIS OF FEDERAL JURISDICTION

This Court has jurisdiction over the matter pursuant to Title 28 U.S.C. § 1331 and Title 28 U.S.C. § 2201.

## PLEADINGS RAISING THE ISSUES

The Plaintiff's Complaint filed on January 1, 2000 and the Defendant's Answer filed on May 3, 2000 are the operative pleadings raising the issues in this matter.

## UNDISPOSED MOTIONS

1. Plaintiff's Motion for Summary Judgment.
2. Defendant Sheriff's Motion for Summary Judgment.

## STATEMENT OF UNCONTESTED FACTS

Both parties have filed cross motions for summary judgment which demonstrate that there are no facts in dispute with regard to the Plaintiff's claims that it suffered a violation of a constitutional right. As such, it appears that no trial will be needed with respect to the determination of a constitutional violation as it will be resolved by the Court as a matter of law on the cross motions for summary judgment. Accordingly, the only facts that would be subject to proof at trial consist of the alleged damages suffered by the Plaintiff.

Plaintiff has produced no discovery documenting any damages suffered by it as a result of the alleged violation. The only damages that have been attested to have been exclusive to the

Plaintiff's owner individually, i.e. embarrassment, stress, inability to sleep, etc. Since Plaintiff's owner is not a party to this litigation, such damages are irrelevant to this lawsuit. Thus, a trial on damages should be restricted to any alleged damages suffered by the Plaintiff only.

**ISSUES OF FACT TO BE LITIGATED**

If Plaintiff is successful on its Motion for Summary Judgment, the only issue of fact to be litigated at trial is the issue of Plaintiff's damages.

**ISSUES OF LAW ON WHICH THERE IS AGREEMENT**

None.

**ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT**

1. Whether Plaintiff suffered a violation of its constitutional right to due process?

2. Whether Plaintiff suffered a violation of its constitutional right to be free from unreasonable searches and seizures?

3. If Plaintiff suffered a constitutional violation, what are the damages suffered by Plaintiff?

**EXHIBIT LIST**

See Schedule A.

**WITNESS LIST**

See Schedule B.

**ESTIMATED TRIAL TIME**

If Plaintiff prevails on its Motion for Summary Judgment, a trial will be necessary on the issue of damages. It is anticipated that a bench trial on this issue will consist of less than one day.

**ESTIMATED ATTORNEY'S FEES**

Plaintiff has sought to recover attorney's fees pursuant to Title 42 U.S.C. § 1988. Defendant concedes that if the Plaintiff prevails on the merits it is entitled to an award of attorney's fees. Pursuant to discussions with counsel for Plaintiff, it is estimated that Plaintiff's attorney's fees are approximately $15,000.

**I HEREBY CERTIFY** that a copy of the foregoing was sent via facsimile and regular U.S. mail this ___6___ day of November, 2000, to: **DENNIS R. BEDARD, ESQ.**, 1717 North Bayshore Drive, Suite 102, Miami, Florida 33132.

> PURDY, JOLLY & GIUFFREDA, P.A.
> Attorneys for Defendant SHERIFF
> 1322 S.E. Third Avenue
> Fort Lauderdale, Florida 33316
> Telephone: (954) 462-3200
> Facsimile: (954) 462-3861
>
> BY _____
> ALEXIS M. YARBROUGH
> Florida Bar No. 0086861

## SCHEDULE A

## EXHIBIT LIST

1. All depositions taken in the case.

2. All documents produced pursuant to discovery requests.

3. Answers to interrogatories provided by the Plaintiff.

## SCHEDULE B

## WITNESS LIST

1. Bernie Goldstein.

2. Sgt. Edward Sileo
   Broward County Sheriff's Office
   2601 West Broward Boulevard
   Fort Lauderdale, Florida 33312

3. Detective Joel Steinberg
   Broward County Sheriff's Office
   2601 West Broward Boulevard
   Fort Lauderdale, Florida 33312