UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

QUIK CASH PAWN JEWELRY &
PAWN, INC., A Florida Corporation      Case No. 99-7630-Civ-Middlebrooks

        Plaintiff,

vs.

KEN JENNE, SHERIFF OF BROWARD
COUNTY,

        Defendant.
_____/

SKG CORP., d/b/a WE BUY PAWNBROKERS,
A Florida Corporation      Case No. 00-06012-Civ-Middlebrooks

        Plaintiff,

vs.

KEN JENNE, SHERIFF OF BROWARD
COUNTY,

        Defendant.
_____/

## DEFENDANT JENNE'S VERIFIED[1] MOTION TO TAX COSTS
### (AND MEMORANDUM OF LAW)

The Defendants, KEN JENNE, Sheriff of Broward County, Florida, through his undersigned attorneys, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Rule 7.3 of the General Rules for the United States District Court, Southern District of Florida, files this his Verified Motion to Tax Costs (and Memorandum of Law) and in support thereof would state as follows:

1. That this Honorable Court on January 16, 2001, issued an Order Granting Defendant's Motions for Summary Judgment and Denying Plaintiffs' Motion for

---

[1]The Motion is supported by the Affidavit of Costs of undersigned counsel which is attached.

1

Summary Judgment. That Order, although providing that the Clerk of the Court was directed to close both of the above-styled files, provided for retention of jurisdiction for the purpose of ruling on a timely filed and appropriate Motion for Costs. That Order additionally provided that any Motion seeking costs must be filed within 15 days of January 16, 2001, and was to be supported by Memorandum of Law.

2. That prior to the rendering of the Order Granting Defendant's Motions for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment, the Defendant, KEN JENNE, Sheriff of Broward County, Florida, incurred costs as referenced in the attached Affidavit of Costs, all of which are properly taxable as against the Plaintiffs.

3. Pursuant to Rule 7.3 of the General Rules for the United States District Court, Southern District of Florida, undersigned counsel certifies that he has conferred with Dennis Bedard, counsel for the Plaintiffs, in a good faith effort to resolve this matter by agreement, without success. Additionally, since the only costs being sought are the costs incurred in obtaining deposition transcripts (attorneys' fees are not being sought), hearing on this Motion is not requested.

WHEREFORE, it is appropriate that a Judgment be rendered in favor of this Defendant in an amount equal to the costs as described in the attached Affidavit of Costs.

Further, and in support of this Verified Motion to Tax Costs, the Defendant JENNE would refer this Honorable Court to the Memorandum of Law incorporated herein and by reference made a part hereof.

## MEMORANDUM OF LAW

This Court may properly award fees incurred in connection with transcripts of depositions "necessarily obtained for use in the case". Title 28 U.S.C. §1920(2); <u>Desisto College, Inc. v. Town of Howey-In-The-Hills</u>, 718 F.Supp. 906, 912 (M.D. Fla. 1989), aff'd at

914 F.2d 267 (11th Cir. 1990). Furthermore, a deposition need not be admitted into evidence in order for the cost of that deposition to be recoverable. Murphy v. City of Flagler Beach, 761 F.2d 622, 631 (11th Cir. 1985); Desisto College, Inc., supra.

The Defendant, KEN JENNE, Sheriff of Broward County, Florida, is entitled to recovery of the costs which were incurred by him relating to the deposition transcripts which were ordered, and upon which reliance was placed in defense of the claims which resulted in the issuance of the Order granting Summary Judgment in his favor.

The Motion should, properly, be granted.

**I HEREBY CERTIFY** that a copy of the foregoing was mailed this 24th day of January, 2001, to: **DENNIS R. BEDARD, ESQ.**, 1717 North Bayshore Drive, Suite 102, Miami, Florida 33132.

PURDY, JOLLY & GIUFFREDA, P.A.
Attorneys for Defendant SHERIFF
1322 S.E. Third Avenue
Fort Lauderdale, Florida 33316
Telephone:  (954) 462-3200
Facsimile:   (954) 462-3861

BY _____
BRUCE W. JOLLY
Fla. Bar No. 203637

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

QUIK CASH PAWN JEWELRY &
PAWN, INC., A Florida Corporation,   Case No. 99-7630-CIV-Middlebrooks

Plaintiff,

vs.

KEN JENNE, SHERIFF OF BROWARD
COUNTY,

Defendant.
_____/

SKG CORP., d/b/a WE BUY
PAWNBROKERS, a Florida Corporation,   Case No. 00-06012-CIV-Middlebrooks

Plaintiff,

vs.

KEN JENNE, SHERIFF OF BROWARD
COUNTY,

Defendant.
_____/

## AFFIDAVIT OF COSTS

STATE OF FLORIDA            )
                            ) ss.
COUNTY OF BROWARD           )

BEFORE ME, personally appeared BRUCE W. JOLLY, ESQUIRE, of Purdy, Jolly & Giuffreda, P.A., who after being duly sworn, deposes and says that the following costs have been expended in regard to the above-captioned matter:

1

| DATE | | AMOUNT |
|---|---|---|
| 5/24/00 | Esquire Deposition Services - appearance fee and deposition transcript of Tom Sams | 235.50 |
| 6/02/00 | Esquire Deposition Services - appearance fee and deposition transcript of Arthur Fogel | 207.00 |
| 6/02/00 | Esquire Deposition Services - appearance fee and deposition transcript of Bernie Goldstein | 278.00 |
| 6/28/00 | Esquire Deposition Services - appearance fee of scheduled deposition of Bruce Nelson | 50.00 |
| 8/23/00 | Esquire Deposition Services - deposition transcripts of Sgt. Edward Sileo and Joel Steinberg | 492.90 |
| 10/13/00 | Mediation, Inc. | <u>212.00</u> |
| | TOTAL | $1,475.40 |

FURTHER AFFIANT SAYETH NAUGHT.

_____
BRUCE W. JOLLY

SWORN TO AND SUBSCRIBED before me this __24th__ day of January, 2001.

_____
NOTARY PUBLIC

My commission expires:



SUSAN L. ANDERSON
MY COMMISSION # CC 866990
EXPIRES: December 27, 2003
Bonded Thru Notary Public Underwriters

2