UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

QUIK CASH PAWN JEWELRY &
PAWN, INC., A Florida Corporation          Case No. 99-7630-Civ-Middlebrooks

Plaintiff,

vs.

KEN JENNE, SHERIFF OF BROWARD
COUNTY,

Defendant.
_____/

SKG CORP., d/b/a WE BUY PAWNBROKERS,
A Florida Corporation          Case No. 00-6012-Civ-Middlebrooks

Plaintiff,

vs.

KEN JENNE, SHERIFF OF BROWARD
COUNTY,

Defendant.
_____/

## JOINT PRETRIAL STIPULATION

The Plaintiffs, SKG CORP., d/b/a WE BUY PAWNBROKERS, and QUIK CASH PAWN JEWELRY AND PAWN, INC., through their undersigned attorney, and the Defendant, KEN JENNE, Sheriff of Broward County, Florida, through his undersigned attorneys, pursuant to Rule 16.1.E of the General Rules for the United States District Court, Southern District of Florida, and the Order of this Court entered September 27, 2002, file this their Joint Pretrial Stipulation and in support thereof would state as follows:

-1-



## I. SHORT CONCISE STATEMENT OF THE CASE.

This is an action pursuant to Title 42 U.S.C. §1983 seeking declaratory relief and monetary damages as a result of an alleged violation of the Plaintiffs' due process rights and the right to be free from an unreasonable seizure during an inspection by Broward Sheriff's Deputies Edward Sileo and Joel Steinberg of the pawn shop premises known as the We Buy Pawn Shop and Quik Cash Store. Liability is conceded in favor of the Plaintiffs against the Broward County Sheriff on the Plaintiffs' claim for unlawful seizure.[1] Additionally Summary Judgment was entered as to Count I and II of the Complaint by Order dated September 27, 2002.

## II. BASIS OF FEDERAL JURISDICTION.

This Court has jurisdiction of this matter pursuant to Title 28 U.S.C. §1331 and Title 28 U.S.C. §1343.

## III. PLEADINGS RAISING THE ISSUES.

### A. As to SKG:

1. Complaint dated January 5, 2000.

2. Defendant Sheriff's Answer/Affirmative Defenses dated May 3, 2000.

### B. As to Quik Cash:

1. Complaint dated December 16, 1999.

2. Defendant Sheriff's Answer/Affirmative Defenses dated May 3, 2000.

## IV. UNDISPOSED OF MOTIONS.

1. Plaintiffs' Motion and Memorandum of Law to Sever Pursuant to Rule 21 of the Federal Rules of Civil Procedure.

---

[1] Quik Cash v. Jenne, 279 F.3d 1316 (11th Cir. 2002).

-2-

    2. Plaintiffs' Request for Jury Trial.

## V. STATEMENT OF UNCONTESTED FACTS REQUIRING NO PROOF AT TRIAL.

    1. The circumstances of the search and seizure of the business premises are not in dispute.

## VI. STATEMENT IN REASONABLE DETAIL OF ISSUES OF FACT WHICH REMAIN TO BE LITIGATED AT TRIAL.

    1. Damages.

## VII. CONCISE STATEMENT OF ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT.

    1. The amount of damages, if any, sustained by the Plaintiff, Quik Cash Pawn Jewelry and Pawn, Inc.

    2. The amount of damages, if any, sustained by the Plaintiff, SKG Corp., d/b/a We Buy Pawnbrokers.

## VIII. NUMBERED LIST OF TRIAL EXHIBITS OTHER THAN IMPEACHMENT EXHIBITS.

    A. See Plaintiffs' Exhibit List attached.

    B. See Defendant's Exhibit List attached.

## IX. NUMBERED LIST OF TRIAL WITNESSES AND ADDRESSES, IF KNOWN.

    A. See Plaintiffs' Witness List attached.

    B. See Defendant's Witness List attached.

## X. ESTIMATED TIME FOR TRIAL.

    A. As to SKG -- the parties estimate that a trial by jury will require one (1) trial day.

B. As to Quik Cash -- the parties estimate that a trial by jury will require one (1) trial day.

## XI. ESTIMATED ATTORNEYS' FEES SOUGHT.

Plaintiffs seek an award of attorneys' fees pursuant to Title 42 U.S.C. §1988 against the Defendant.

The Defendant Sheriff concedes that an award of attorneys' fees is proper in this cause in the event that damages are awarded. However, in the event that no damages, or nominal damages only are awarded, the Defendant Sheriff suggests that Plaintiffs will not be entitled to an award of attorneys fees. The Defendant Sheriff suggests that in the event that attorneys' fees are awarded, that such fees not accrue at a rate in excess of $150.00 per hour. The Plaintiffs suggest that attorneys' fees incurred to this point approximate $52,000.00.

DATED this _____ day of _____, 2002.

| | |
|---|---|
| PURDY, JOLLY & GIUFFREDA, P.A.<br>Attorneys for Defendants<br>1322 S.E. Third Avenue<br>Fort Lauderdale, Florida 33316<br>Telephone (954) 462-3200<br><br>By_____<br>   BRUCE W. JOLLY<br>   Fla. Bar No. 203637 | DENNIS R. BEDARD<br>Attorney for Plaintiffs<br>1717 North Bayshore Drive, Suite 102<br>Miami, Florida 33132<br>Telephone (305) 530-0795<br><br>By_____<br>   DENNIS R. BEDARD<br>   Fla. Bar No. 759279 |

-4-

## DEFENDANT'S EXHIBIT LIST

1. All depositions taken in this case.

2. All documents produced pursuant to discovery requests.

3. Answers to Interrogatories provided by the Plaintiffs.

## DEFENDANT'S WITNESS LIST

1. Broward Sheriff's Deputy Joel Steinberg, c/o Broward County Sheriff's Office, 2601 West Broward Boulevard, Fort Lauderdale, Florida.

2. Arthur Fogel.

3. Bernie Goldstein.